# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAMAR GREEN,** <br> Plaintiff, | : <br> : <br> : |
| v. | : **CIVIL ACTION NO. 19-CV-2190** |
| **CITY OF PHILADELPHIA,** *et al.,* <br> Defendants. | : <br> : |

**FILED**

JUN -6 2019

KATE BARKMAN, Clerk
By_____ Dep. Clerk

**MEMORANDUM**

**BEETLESTONE, J.**  6TH  OF  JUNE  , 2019

*Pro se* Plaintiff Shamar Green, a prisoner confined at the Philadelphia Industrial Correctional Center ("PICC"), has filed a civil rights Complaint and a Motion to Proceed *In Forma Pauperis*. The Defendants are the City of Philadelphia, Philadelphia Department of Prisons ("PDP"), and Lt Horsey. Because it appears that Green is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTS

Green's Complaint is extremely brief. He alleges that on certain dates in February 2019 Defendant Horsey threatened him with physical harm, that he suffered retaliation "from the Streets," and that Defendant PDP "refused to separate us." (ECF No. 2 at 7.) He asserts a violation of the Fourth and Fourteenth Amendments (*id.* at 5) and seeks money damages due to "severe stress w/ not being fed the proper trays, mental anguish[,] emotional distress ect [sic]." (*Id.* at 7.) He has also attached to the Complaint nearly illegible copies of inmate grievance forms he apparently filed regarding his interactions with Defendant Horsey. The Complaint

contains no other information detailing how any Defendant allegedly violated his constitutional rights.

## II. STANDARD OF REVIEW

The Court will grant Green leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Green is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to

---

[1] However, as Green is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Green's Complaint fails to provide the Court with sufficient allegations of facts to determine whether his § 1983 Fourth and Fourteenth Amendment claims are plausible. Accordingly, the Complaint will be dismissed without prejudice for failure to comply with Rule 8. Green is granted leave to file an amended complaint in accordance with the Court's Order accompanying this Memorandum. An appropriate Order follows.

BY THE COURT:

_____
**WENDY BEETLESTONE, J.**

3