IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAMAR GREEN,**<br>**Plaintiff,**<br><br>v.<br><br>**LT. HORSEY,**<br>**Defendant.** | **CIVIL ACTION**<br><br><br><br><br>**NO. 19-2190** |

# O R D E R

**AND NOW**, this 22nd day of December, 2020, upon consideration of Plaintiff Shamar Green's Motion to Subpoena (ECF No. 54), **IT IS ORDERED** that Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** for failure to comply with the Federal Rules of Civil Procedure.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

_____
**WENDY BEETLESTONE, J.**[1]

---

[1] *Pro se* Plaintiff Shamar Green, an inmate currently incarcerated at SCI-Huntingdon in Huntingdon, Pennsylvania, has filed a "Motion for Subpoena," requesting the Court issue subpoenas so Mr. Green might depose eight individuals in connection with his pending civil rights action. Five of these individuals are alleged to be either current or former employees of the Philadelphia Industrial Correctional Center. Three of these individuals are labelled as inmates, although Mr. Green does not specify their facilities of incarceration. One of these individuals—Lieutenant Mildred Horsey—is the defendant in this action; the remaining seven individuals are non-parties. The motion contains no other information concerning the proposed depositions.

---

"Because of the expense of oral depositions and logistical difficulties presented to an inmate proceeding *pro se*, *pro se* inmates typically seek discovery through depositions by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure." *Reaves v. Wetzel*, 2017 WL 3621575, at *4 n.3 (W.D. Pa. Aug. 23, 2017); *see also Williams v. Gavins*, 2014 WL 4185652, at *3 (M.D. Pa. Aug. 21, 2014) ("Given these alternative means of obtaining discovery, and the obvious security and logistical concerns presented by inmate oral depositions, it has been held that the proper exercise of discretion in this field often entails denial of inmate requests for orders compelling oral depositions, in favor of Rule 31 depositions on written questions." (citing *McKeithan v. Jones*, 212 F. App'x 129 (3d Cir. 2007)). The Federal Rules of Civil Procedure do not, however, contain any provision barring a *pro se* inmate from taking an oral deposition.

Still, although Mr. Green is proceeding *pro se*, he is nevertheless required to comply with the Federal Rules of Civil Procedure governing oral depositions. For instance, Rules 30 and 45 require Mr. Green to specify the time and place at which a deposition is to occur. *See* Fed R. Civ. P. 30(b)(1), 45(a)(1)(A)(iii). The Rules also require Mr. Green to specify a method for recording the deponent's testimony. *See* Fed. R. Civ. P. 45(a)(1)(B) ("A subpoena commanding attendance at a deposition must state the method for recording the testimony."); Fed. R. Civ. P. 30(b)(3)(A) ("The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means."). He must arrange to have the deposition taken before an officer authorized to administer the requisite oaths. *See* Fed. R. Civ. P. 30(b)(5)(A). Importantly, despite the fact that Mr. Green is proceeding *in forma pauperis*, he is required to pay all costs associated with recording and transcribing the proposed depositions. Fed. R. Civ. P. 30(b)(3)(A) ("The noticing party bears the recording costs."); *Marshall v. FedEx Ground*, 2010 WL 11677287, at *1 (M.D. Pa. Feb. 17, 2010) ("[N]othing in 28 U.S.C. § 1915 authorizes federal courts to finance or pay for a party's discovery expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)."). Moreover, to the extent Mr. Green wishes to orally depose any incarcerated individuals, he is first required to obtain leave of court. *See* Fed. R. Civ. P. 30(a)(2)(B) ("A party must obtain leave of court, and the court must grant leave to the extent consistent with [Federal Rule of Civil Procedure] 26(b)(1) and (2)[,] if the deponent is confined in prison.").

"A court's broad discretion in discovery also extends to decisions regarding whether to issue subpoenas to *pro se* litigants." *Njos v. Kane*, 2015 WL 999398, at *7 (M.D. Pa. Mar. 5, 2015) (citing *Gay v. Petsock*, 917 F.2d 768, 773 (3d Cir. 1990)). In this case, Mr. Green's request for the issuance of subpoenas shall be denied without prejudice, given his failure to comply with the Federal Rules of Civil Procedure. Should Mr. Green wish to continue his efforts to obtain oral testimony from Defendant Horsey and the various non-parties identified in his present motion, he should file with the Court a renewed motion accompanied by a memorandum demonstrating the relevance and materiality of the information Mr. Green seeks from each proposed deponent, the necessity of each proposed deponent's oral testimony to prove Mr. Green's case, the means by which Mr. Green intends to take the proposed depositions, and how Mr. Green intends to provide the necessary costs related to the proposed depositions. *See* Fed R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."); Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania, Rule 7.1(c) ("Every motion not certified as uncontested, and not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion.").